**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and GOSS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 6, 2019**

# In the Court of Appeals of Georgia

A19A1536. LECHUGA v. THE STATE.

McFADDEN, Chief Judge.

The issue in this case is whether, after the appellant had pled guilty to the offense of refusing to display his driver's license to a police officer, the trial court erred in imposing a probated misdemeanor sentence and in refusing to impose only a fine pursuant to OCGA § 40-5-29 (c). Because the fine provision of OCGA § 40-5-29 (c) does not apply to the offense to which the appellant pled guilty, the trial court did not err. So we affirm.

1. *Facts and procedural posture.*

On February 7, 2016, a police officer, responding to reports of an aggressive driver on a motorcycle, approached Leonardo Lechuga in a parking lot. Lechuga told the officer that he was angry with the driver of a car. When the officer asked for

Lechuga's driver's license, Lechuga refused to produce it and said that he did not have to do anything until his father arrived. After Lechuga refused multiple other requests to show the officer his license, he was placed under arrest. Lechuga was charged by accusation with aggressive driving and failure to display his driver's license upon the demand of a law enforcement officer.

At a plea hearing on March 8, 2017, Lechuga pled guilty to the charge of failure to display his driver's license in violation of OCGA § 40-5-29 (b) and the state dropped the aggressive driving charge. The state recommended a probated misdemeanor sentence of 12 months, a fine, and various conditions of probation. Lechuga's plea counsel argued that the court should not impose a sentence of probation and instead should only impose a fine of no more than $10.00 as set forth in OCGA § 40-5-29 (c) because Lechuga did in fact have a valid driver's license at the time of his arrest. The court rejected Lechuga's argument; accepted the state's recommendation; and sentenced Lechuga to serve 12 months on probation, pay a fine and other costs, and meet various conditions of probation. Lechuga appeals.

2. *OCGA § 40-5-29.*

OCGA § 40-5-29 sets forth requirements that a driver carry a license and exhibit it on demand. Subsection (a) of OCGA § 40-5-29 provides, in pertinent part,

2

that "[e]very licensee shall have his or her driver's license in his or her immediate possession at all times when operating a motor vehicle." Subsection (b) pertinently provides: "Every licensee shall display his or her license upon the demand of a law enforcement officer. A refusal to comply with such demand not only shall constitute a violation of this subsection but shall also give rise to a presumption of a violation of subsection (a) of this Code section . . . ." And subsection (c) provides: "A person convicted of a violation of subsection (a) of this Code section shall be fined no more than $10.00 if he or she produces in court a license theretofore issued to him or her and valid at the time of his or her arrest."

Lechuga argues that the court should not have sentenced him to 12 months probation and instead, under subsection (c) of 40-5-29, should have only imposed a fine of no more than $10.00 because he had a valid license at the time of his arrest. But as the trial court correctly found, the plain language of subsection (c) provides that it applies only to a violation of subsection (a). There is nothing in subsection (c) indicating that it also applies to a violation of subsection (b). Since Lechuga pled guilty only to a violation of subsection (b) for failure to display his license, the $10.00 fine provision of subsection (c) did not apply. Rather, the trial court properly imposed a probated misdemeanor sentence since a violation of OCGA § 40-5-29 (b) is

3

punished as a misdemeanor. See OCGA § 40-5-120 (4) (it is a misdemeanor for a person to fail to perform any act required by this chapter for which a criminal sanction is not provided elsewhere in this chapter). See also *Castillo-Solis v. State*, 292 Ga. 755, 759 (2) (740 SE2d 583) (2013) (noting that the misdemeanor designation of OCGA § 40-5-120 (4) is the default penalty provision for driver's license violations).

*Judgment affirmed. McMillian, P. J., and Goss, J., concur.*